ALTON L. REYNOLDS AND PATRICIA GAYE REYNOLDS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reynolds v. Commissioner
Docket No. 362-79.
United States Tax Court
T.C. Memo 1980-6; 1980 Tax Ct. Memo LEXIS 579; 39 T.C.M. (CCH) 845; T.C.M. (RIA) 80006; January 14, 1980, Filed Alton Reynolds, pro se. Martin F. Klotz, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Marvin F. Peterson, pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Special Trial Judge: Respondent determined a deficiency of $302.00 in petitioners' Federal income tax for the year 1976. The only issue for determination is whether petitioners are entitled to claim dependency exemptions for two children of petitioner Patricia Gaye Reynolds by a prior marriage pursuant *581 to section 151(e). FINDINGS OF FACT All of the facts in this case have been stipulated and are found accordingly. At the time of filing the petition herein, petitioners resided in San Diego, California. Petitioners filed a joint Federal income tax return for the year 1976 with the Internal Revenue Service Center, Fresno, California. Petitioners claimed dependency exemptions for two minor children of petitioner Patricia Gay Reynolds (hereinafter petitioner) and her former husband, Edward Dixon Pollack (hereinafter Mr. Pollack). On June 17, 1975, a Final Judgment of Dissolution was entered in the Superior Court of California, County of San Diego, California, dissolving the marriage of petitioner and Mr. Pollack. At the time of the dissolution petitioner and her former husband had two children, Jonathan D. Pollack and Adam B. Pollack. In anticipation of the dissolution of marriage the parties entered into a Marital Settlement Agreement (hereinafter Agreement) on February 5, 1975. The agreement, as it pertains to the issue in the instant case, provides that petitioner is entitled to sole custody of the children, Mr. Pollack is obligated to pay petitioner $75 per month for *582 each child for the child's support, maintenance and education until a date certain in the future, (not pertinent to the issue herein) and is entitled to claim the two children as dependents for Federal income tax purposes. During the year involved herein, petitioner did have custody of the children throughout the year and Mr. Pollack made child support payments of $900 for each child. OPINION Respondent disallowed the dependency exemptions for petitioner's two children solely on the ground that section 152(e)(2) specifically treats a non-custodial parent as having provided over one-half of a dependents support in those cases where there is a written agreement between the divorced parents which provides that the non-custodial parent shall be entitled to the dependency deductions allowable under section 151 and that such parent not having custody provides at least $600 for the support of each such child. In the instant case the facts are clear that Mr. Pollack provided $900 of child support payments for each child. Further, the Agreement between the divorced parents provides "* * * Husband alone shall have the right to claim our two children as exemptions on his Federal and *583 State Tax Returns. * * *" Section 151(e) allows additional exemptions for dependents, as defined in section 152. Although petitioners have not stated their position to support their claim for the two dependency exemptions, under the circumstances of this case the basis of their claim must be based on their assertion that they provided over fifty percent of the children's support during the taxable year. In general, section 152 defines those dependents that are allowed as additional exemptions under section 151(e). Section 152(a)(1) specifically allows a deduction for a son or daughter to a taxpayer who provides over one-half of such child's support. However, in those cases where the parents of the dependent child are divorced section 152(e) statutorily determines which parent provided more than one-half of the support for the child. Section 152(e)(2) sets forth a special rule which provides that the child of divorced parents shall be treated as having received over half of his support during the calendar year from the parent not having custody where the written agreement between the parents provides that the non-custodial parent shall be entitled to the deduction allowable *584 for such child and, in addition, such parent provides at least $600 for the support of such child. As set forth above, Mr. Pollack did not have custody of the children, he provided $900 of support for each child, and the Agreement with petitioner provided that Mr. Pollack was entitled to claim their two children as exemptions for Federal income tax. Accordingly, it must be concluded that petitioners are not entitled to a dependency exemption for either of petitioner's two children. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that Rule are not applicable to this case.